IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAUPPAUGE DIGITAL INC., | § | |
| | § | |
| Defendant Below, | § | No. 338, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| JAMES RIVEST, | § | C.A. No. 2019-0848 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  September 15, 2022
Decided:    October 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal and the exhibits attached thereto,[1] it appears to the Court that:

(1)    On October 24, 2019, plaintiff below-appellee, James Rivest, filed a complaint under 8 *Del. C.* § 220 to inspect the financial statements of defendant below-appellant, Hauppauge Digital Inc. ("the Company").  In a post-trial report dated January 24, 2022, the Master recommended that the Court of Chancery enter judgment in favor of Rivest and order inspection of the Company's annual and

---

[1] We have not considered the appellant's September 29, 2022 letter arguing why the Court should accept this interlocutory appeal.  Supreme Court Rule 42(d) specifies the documents to be filed in an interlocutory appeal and does not provide for additional argument by the appellant.

quarterly financial statements from 2016 through 2020, subject to a confidentiality provision protecting financial information less than two years old. The Company did not file any exceptions to the report, but Rivest filed an exception to the imposition of confidentiality restrictions on the financial statements.

(2) After briefing and oral argument, the Court of Chancery issued its opinion on September 1, 2022 ("the Opinion").[2] No one filed any exceptions to the Master's finding that Rivest sought books and records for the proper purpose of valuing his Company shares, so the court adopted that finding as a ruling of the court.[3] As to the confidentiality restrictions, the court conducted a *de novo* review and considered the implications of this Court's decision in *Tiger v. Boost Apparel, Inc.*[4] The court held "that the Company did not make a persuasive showing of harm that is sufficient to outweigh Rivest's interests or support imposing a two-year confidentiality restriction on financial statements for closed periods."[5] Finally, the court directed the parties to do one of the following within ten days: (i) submit a proposed form of final order, or (ii) if any issues remained to be resolved at the trial level, submit a joint letter identifying those issues and proposing a schedule to resolve them.[6]

---

[2] *Rivest v. Hauppauge Digital, Inc.*, 2022 WL 3973101 (Del. Ch. Sept. 1, 2022).
[3] *Id.* at *1.
[4] 214 A.3d 933, 935 (Del. 2019) (holding there is no presumption of confidentiality for inspections under Section 220).
[5] *Rivest*, 2022 WL 3973101, at *27.
[6] *Id.*

(3) On September 12, 2022, the Company filed an application for certification of an interlocutory appeal. The Company argued that the Opinion determined a substantial issue, established a legal right, and satisfied multiple Rule 42(b)(iii) criteria. Specifically, the Company contended that the Opinion involved a question of law resolved for the first time in this State (Rule 42(b)(iii)(A)), there were conflicting trial court decisions on the question of law (Rule 42(b)(iii)(B)), the question of law related to the construction or application of a statute that should be settled in advance of a final order (Rule 42(b)(iii)(C)), the Opinion reversed or set aside a prior decision of the trial court (Rule 42(b)(iii)(E)), and review of the Opinion would serve considerations of justice (Rule 42(b)(iii)(H)).

(4) On September 13, 2022, the Court of Chancery denied the motion, finding it unnecessary for Rivest to incur the cost of responding. The court ruled that this was "not the stage of the case for an interlocutory appeal" and "[a]n interlocutory appeal at the end of a case is a contradiction in terms."[7] The court emphasized that the Company could appeal as of right from the final order that the court had directed the parties to prepare.

(5) The Company then filed this interlocutory appeal. A review of the Court of Chancery docket reflects that the parties submitted, after prodding by the Court of Chancery, a joint letter on September 21, 2022 identifying the remaining

---

[7] Denial of Application to Certify, Ex. C to Notice of Interlocutory Appeal.

issues to be resolved (the form of final judgment, whether Rule 54 costs and attorneys' fees should be awarded to either party, and whether the documents should be produced and any fees and costs paid before the time to appeal ran). Briefing on these issues will be complete by November 14, 2022.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[8] In the exercise of our discretion and giving due weight to the trial court's view, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). As the Court of Chancery recognized, this case is close to a final judgment that the Company may appeal as a matter of right. The Company's desire to avoid briefing on fee-shifting it views as premature and unmerited does not constitute exceptional circumstances meriting interlocutory review of the Opinion.[9] Nor do the potential benefits of interlocutory review outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal at this stage of the proceedings.[10]

---

[8] Supr. Ct. R. 42(d)(v).
[9] Supr. Ct. R. 42(b)(ii).
[10] Supr. Ct. R. 42(b)(iii).

4

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice